JONES ADAMS, Appellant, v. CHARLES DIEREN et al., Respondents.

**Kansas City Court of Appeals, January 20, 1902.***

**Money had and Received:** REAL ESTATE BROKER: COMMIS-SION: SCIENTER: ACTION. T wishing to purchase certain real estate engaged plaintiff as a broker at a certain commission to secure it for him. Subsequently he secured the services of D and others at the same commission who had knowledge of the arrangement with plaintiff and they made the purchase and received the commission. *Held,* plaintiff can not maintain an action against D and others for money had and received to recover his commissions, but his remedy if any is against T.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*John Burgin* and *T. L. Carnes* for appellant.

(1) The action of assumpsit for money had and received is plaintiff's remedy to recover of defendants money which in all justice belongs to plaintiff. Koopman v. Cahoon, 47 Mo. App. 362; Davis v. Krum, 12 Mo. App. 286; 1 Parsons on Contracts (8 Ed.), p. 485. (2) The agent who is the procuring cause of sale is entitled to his commission. Wright & Orrison v. Brown, 68 Mo. App. 583; Brennan v. Roach, 47 Mo. App. 296. (3) Defendants in settling and receiving a debt due to plaintiff are jointly and severally liable to plaintiff. 4 Dana (Ky.) 473.

*Received too late to be placed in chronological order.

*R. J. Ingraham* for respondent.

(1) The transaction between Adams and Tate, if it ever ripened into anything more than an incident, was "that if Tate would buy through Adams, he (Adams) would give Tate a part of his (Adams') commission." The contingency never happened, and even if it had, the obligation would be in favor of Tate, and against Adams, and, hence, there can be no recovery. Bittrick v. Gilmore, 53 Mo. App. 53. (2) There is nothing upon which an implied promise could be based, and unless there is, there can be no recovery. Skeen v. Johnson, 55 Mo. 24; Mansur v. Murphy, 49 Mo. App. 266. (3) This action is based on an implied promise to pay money to plaintiff. A party can not recover on an implied promise where there is an express one. Plaintiff himself said that there was an express promise on the part of Tate in this case. Bittrick v. Gilmore, 53 Mo. App. 53.

BROADDUS, J.—This is a suit against the defendants, jointly and severally, for money had and received.

The facts are that the plaintiff and all the defendants were real estate agents in Kansas City, Missouri. The defendant Tate was also a purchaser of real estate at times on his own account. Defendant Welsh and Crutcher were partners in the business. The plaintiff and other defendants were doing business separately. The history of the case is about as follows: On a certain occasion the defendant Dieren went into the office of a Mr. Denny, a real estate agent also, and listed the property that was afterwards purchased by Tate. With him they went out and returned in a short time with the owner at which time there was a talk between them about said property. After that Denny saw plaintiff Adams and gave him a description of the property and information that it was for sale. Plaintiff Adams who had been told by defendant Tate to look out for a good bargain for him, went to Tate and

urged him to buy the property. Tate informed Adams that as he himself was a real estate agent it was his custom when he bought to get a part of the commissions. It was then agreed between the two, that in the event of a purchase by Tate, the commission was to be divided equally between him and Denny. Plaintiff acting for Tate made the owner two offers for his property, one for $7,500 and one for $7,550, which were rejected.

A short time thereafter Tate made an arrangement with the defendants Welsh and Crutcher for them to buy the real estate for him upon the condition that he Tate was to get one-half of the commission. Welsh and Crutcher, in connection with defendant Dieren and one Otto, made the purchase at and for the price of $8,000. The commission was $350 which was divided between Tate, Dieren and Welsh & Crutcher. It was shown by the evidence that Dieren and Welsh & Crutcher knew of plaintiff's arrangement with Tate for commission. The court at the close of the case, on motion of the defendants, instructed the jury under the pleadings and evidence to find a verdict for them. Whereupon he took nonsuit and after proper effort to have the same set aside appealed his case.

The theory of the plaintiff is that the defendants having received the said commission, with knowledge of his arrangement with Tate for commission, they took what they knew was his and must respond for money had and received. We can not agree with this view of the law of the case. It made no difference what knowledge Dieren and Welsh & Crutcher had of the arrangement between plaintiff and Tate as to what commission plaintiff was to have for services to be rendered by him. They were not in any way parties to it. They were not by reason thereof precluded from rendering services for Tate in the purchase of the property, if he saw fit to employ them. In doing so they did not in the least interfere with the plaintiff's rights in the matter. If Tate became indebted to

him he is still his debtor.    Tate had the right to employ as many agents as he thought best; that was his business.    The mistake of the plaintiff is the assumption that defendant Dieren and Welsh & Crutcher got his money.    His remedy was against Tate alone, if he had any remedy.    It is clear that under the cause of action alleged the plaintiff is not entitled to recover.    The cause is affirmed.    All concur.